UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSE CAMACHO, PEDRO CONTRERAS,
JOSEPH RUSSO, JR., DANNY VICTORIA
on behalf of themselves and all others similarly
situated,

                          Plaintiffs,

-against-

BTC EVENTS, INC., LEISURE TIME TOURS OF
NEW YORK CORP., MARY MARSICO,
DANIEL J. FRUCHER, ROBERT FRUCHAR, and
JOHN AND JANE DOES 1-100,

                          Defendants.

-------------------------------------------------------------X



**COMPLAINT**

**Class Action**

**Jury Trial Demanded**

RECEIVED MAR 2 5 2015 U.S.D.C. S.D. N.Y.

      Plaintiffs, by their attorneys, Giles Law Firm LLC, complaining of defendants, allege as follows:

## NATURE OF ACTION

    1.      Plaintiffs bring this action, on behalf of themselves and other similarly situated employees to remedy violations of the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq. ("FLSA"). Plaintiff seeks, for themselves and all other similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys fees, and all other appropriate relief pursuant to 29 U.S.C. §§216, and other applicable federal law.

    2.      Plaintiffs also bring this action, on behalf of themselves and other similarly situated employees to remedy violations of the New York State Labor Law §§ 190 et seq., and §§650 et seq ("NYSLL"), and New York State common law. Plaintiff seeks for themselves and other similarly situated employees declaratory and injunctive relief, unpaid wages, liquidated

1

damages, statutory interest, reasonable attorneys fees, and all other appropriate legal and equitable relief pursuant to NYSLL §§ 198, 663 and New York State common law.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

4.      Jurisdiction of this Court over plaintiffs' state law claims is invoked pursuant to NYSLL §§198 and 663 and 28 U.SC. §1367(a), in that the state law claims are so related to plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this district pursuant to 28 U.S.C. §1391(b)(1) because all defendants reside in New York State and defendants BTC Events, Inc. and Mary Marsico reside in this district.  Venue is further proper within this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred within this district.

## PARTIES

6.      Plaintiff Jose Camacho ("Camacho") lives in New York, New York.  At all relevant times, plaintiff was employed by defendants.

7.      Plaintiff Pedro Contreras ("Contreras") lives in Queens, New York.  At all relevant times, plaintiff was employed by defendants.

8.      Plaintiff Joseph Russo, Jr. ("Russo") lives in Nassau, New York.  At all relevant times, plaintiff was employed by defendants.

9.      Plaintiff Danny Victoria ("Victoria") lives in Queens, New York.  At all relevant times, plaintiff was employed by defendants.

2

10.     Defendant BTC Events, Inc. ("BTC") is a New York corporation with an address for service of process at 12 Maggiolo Drive, Pearl River, New York, 10965.

11.     Defendant Leisure Time Tours of New York Corp. ("Leisure Time") is a New York corporation with an address for service of process at 145-98 Brewer Boulevard, Queens, New York, 11434.

12.     Defendant Mary Marsico ("Marsico") is an individual doing business in the State of New York and is an owner, officer, and/or agent of BTC.

13.     Defendant Daniel J. Fruchar ("D. Fruchar") is an individual doing business in the State of New York and is an owner, officer, and/or agent of Leisure Time.

14.     Defendant Robert Fruchar ("R. Fruchar") is an individual doing business in the State of New York and is an owner, officer, and/or agent of Leisure Time.

15.     Defendants John and Jane Does 1-100 are individuals or corporate entities affiliated with BTC and/or Leisure time and were responsible for the practices complained of herein. Plaintiffs reserve the right to name additional parties as their identities become known to plaintiffs.

## FACTUAL ALLEGATIONS

16.     Leisure Time is a New York Corporation that organizes luxury vacations during the Jewish holiday of Passover, as well as other Jewish holidays, for religious Jewish vacationers who follow Jewish religious practices, including kosher dietary laws. Leisure Times organizes such events at hotels in the United States as well internationally.

17.     BTC is a New York corporation that provides event management services, including staffing for events organized in New York by Leisure Time.

3

18.     Leisure Time has, during the relevant time period, organized an annual Passover holiday vacation at the Rye Hilton in Westchester County, New York. Customers of Leisure Time purchase vacation packages for periods ranging from 4 to 10 days. Customers who purchase Leisure Time's vacation packages stay at the Rye Hilton hotel, receive catered glatt kosher meals, participate in a communal Passover seder for two nights of the vacation, attend Passover services, and may participate in all other activities and use the hotel's amenities during their stay.

19.     Defendant BTC provides the servers who serve the meals to Leisure Time's customers at the Rye Hilton. BTC recruits workers to work for the ten day period.

20.     Plaintiffs have, during the relevant time period, worked at the annual Passover holiday vacation organized by Leisure Time. They were recruited to work at the event each year by defendants BTC and Marsico. At the event they worked under the direction of agents from both BTC and Leisure Time. Plaintiffs were therefore "employees" within the meaning of 29 U.S.C. §203(d) and NYSLL §§190 and 651.

21.     Defendants BTC and Leisure Time, through their agents, each supervised and directed the work of plaintiffs and all other servers who worked the Passover holiday at the Rye Hilton. Both BTC and Leisure Time are therefore "employers" within the meaning of 29 U.S.C. §203(d) and NYSLL §§190, 651.

22.     Defendants Marsico, D. Fruchar, and R. Fruchar each were responsible for and directed the unlawful wage and hour practices complained of herein and are therefore "employers" within the meaning of 29 U.S.C. §203(d) and NYSLL §§190, 651.

23.     Several vacationers served by plaintiff traveled from out of state for the Passover holiday vacation. In addition, much of the food and beverages served by plaintiffs were

4

delivered from out of state. Plaintiffs were therefore "...working on goods or materials that have been moved in or produced for commerce by any person" as that term is used in 29 U.S.C. §206(a) and 29 U.S.C. §29 U.S.C. 207(a).

24.     Defendants each employ more than 2 employees through their operations. Defendants' operations, individually and collectively, constitute an "enterprise" within the meaning of 29 U.S.C. §203(r). The annual gross volume of sales made or business done by defendants' operations, individually and collectively, is in excess of $500,000. Accordingly, defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. §203(s)(1).

25.     Plaintiffs worked as servers at the Passover vacations organized by Leisure Times and staffed by BTC. Plaintiffs worked for 10 days straight at such events. Each day, pursuant to defendants' instructions, plaintiffs served breakfast from 6:00 am to 10:30 am. Plaintiffs served lunch from 11:00 am to 2:30 or 3:00 pm. Plaintiffs served dinner from 6:00 pm to 11:00 pm. Plaintiffs were also asked on occasion to serve at other events, such as serving refreshments after religious services. Each day, plaintiffs worked between 12 and 14 hours, per defendants' instructions and knowledge.

26.     Over the past six years, plaintiffs have been paid amounts between $13.00 to $17.00 per hour.

27.     Plaintiffs worked 10 consecutive days each year. The amount of hours worked in the first seven days ranged from 84 to 98 hours.

28.     Plaintiffs did not receive pay at the rate of one and one-half times their regular hourly rate of pay for hours worked over forty hours per week.

5

29.     Plaintiffs did not receive an extra hour's pay at the minimum rate of wage when they worked more than 10 hours in a day.

30.     Leisure Time, on its website, informs customers that in addition to the published rates for vacations, all customers must pay an additional 25% surcharge of the published rate for "Applicable Taxes, Service Charges & Mandatory Gratuities." Upon information and belief, Leisure Time's agreements with each customer contain similar provisions.

31.     A reasonable customer would believe that the 25% surcharge included gratuities given to workers. Certain guests who thanked plaintiffs for their service at the end of the vacation stated that they understood that the workers' gratuity was already included in the price of their vacation.

32.     Plaintiffs were not permitted to solicit gratuities from guests.

33.     None of the gratuities included in the customers' 25% surcharges were, in fact, given to plaintiffs or other workers but were instead retained by Leisure Time and/or BTC.

34.     At the end of the Passover vacation, plaintiffs were each paid with a check in the amount of $500.00 and cash for the remainder of their wages, minus $350.00 deducted for room and board. The deduction for room and board is in excess of the amount permitted by the New York State Department of Labor.

35.     Defendants did not withdraw any taxes from plaintiffs' checks and, upon information and belief, misclassified plaintiffs as independent contractors, even though defendants' exercised control over all terms and conditions of employment during the time plaintiffs worked for defendants.

6

## COLLECTIVE ACTION ALLEGATIONS

36.     Upon information and belief, defendants have employed over 100 workers as servers over the past three years.

37.     Upon information and belief, defendants failed to pay any of those workers one and one half times their regular rate of pay for all hours worked in excess of forty hours per week.

38.     The unlawful employment practices at issue with respect to the other similarly situated employees of defendants are identical to the unlawful employment practices with respect to plaintiffs. In all cases, defendants have failed to pay such workers one and one half times their hourly rate for all hours worked in excess of forty hours per week, and have known of and/or shown reckless disregard for whether or not these practices violate the FLSA.

39.     Other employees currently or formerly employed by defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action will afford other employees the opportunity to receive notice of the action and allow them to opt in to such an action if they so choose.

40.     Plaintiffs have annexed forms to this Complaint as Exhibit A consenting to their participation in such a collective action.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 39 as if recited at length herein.

42.     Pursuant to Rule 23 of the Federal Rules of Civil Procedures, plaintiff brings this action individually and on behalf of the following class of persons (the "Class"):  all persons who have been employed by defendants at the Rye Hilton Passover vacation for the past six years.

43.     The individuals in the Class are so numerous that joiner of all members of the Class is impracticable. Upon information and belief, for the past six years, over 150 individuals have worked for defendants as servers.

44.     Questions of law or fact common to the class include, but are not limited to, the following:

a.      Whether defendants improperly classified plaintiffs and other similarly situated individuals as independent contractors;

b.      Whether defendants failed to pay plaintiffs and other similarly situated individuals one and one half times their regular rate of pay for all hours worked in excess of forty hours per week;

c.      Whether defendants failed to pay plaintiffs and other similarly situated individuals an extra hour's pay at the minimum rate of wage for days in which the spread of hours exceeded ten hours;

d.      Whether defendants unlawfully retained gratuities earned by plaintiffs and other similarly situated individuals;

e.      Whether defendants made unlawful deductions from the wages of plaintiffs and other similarly situated individuals;

f.      Whether defendants failed to pay plaintiffs and other similarly situated individuals all wages when due;

g.      Whether defendants provided plaintiffs and other similarly situated individuals with the appropriate notification of their rate of pay;

h.      Whether defendants provided plaintiffs and other similarly situated individuals with accurate wage statements;

8

i.       Whether defendants had any good faith and reasonable basis for engaging any conduct found to be unlawful; and

j.       Whether the members of the Class have sustained damages and, if so, the proper measure of damages.

45.      Plaintiffs' claims are typical of the claims of the Class in that plaintiffs and other similarly situated individuals have been subjected to the unlawful practices described above and have suffered damages due to those unlawful policies and practices.

46.      Plaintiffs will fairly and adequately protect the interests of the Class. The interests of plaintiffs are aligned with those of the Class, and plaintiffs have no conflict of interest with any members of the Class. In addition, plaintiffs are represented by qualified and experienced counsel.

47.      By engaging in the policies and practices described above, defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, and monetary relief with respect to the Class appropriate.

48.      Questions of law and fact common to the members of the Class, including but not limited to, the common questions of law and fact enumerated in paragraph 44 predominate over any questions affecting only plaintiff, and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

49.      For these reasons, the Class should be certified under Rule 23(b) of the Federal Rules of Civil Procedure.

9

## AS AND FOR A FIRST CLAIM

### (Failure to Pay Overtime – FLSA)

50.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "49" as if recited at length herein.

51.     Plaintiffs and other similarly situated individuals, although classified by defendants as independent contractors, were actually "employees" within the meaning of 29 U.S.C. §203(d).

52.     Defendants, as covered employers under the FLSA, were required to pay plaintiffs and other similarly situated individuals at a rate not less than one and one-half times their regular rate of pay for all hours worked over 40 in a week.  Plaintiffs did not meet the criteria for any exemption under the FLSA.

53.     Plaintiffs and other similarly situated individuals worked at least 84 hours per week, but were not paid at one and one-half times their regular rate for all hours worked in excess of 40 per week.

54.     Defendants, by the above acts, have violated the FLSA, 29 U.S.C. §207.

55.     Defendants violations were willful within the meaning of 29 U.S.C. §255(a).

## AS AND FOR A SECOND CLAIM

### (Failure to Pay Overtime – NYSLL)

56.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "55" as if recited at length herein.

57.     Plaintiffs and other similarly situated individuals, although classified by defendants as independent contractors, were actually "employees' within the meaning of Section 651 of the NYSLL.

58.     Defendants, as covered employers under the NYSLL, were required to pay plaintiffs and other similarly situated individuals at a rate of not less than one and one-half times their regular rate of pay for all hours worked over 40 in a week.  Plaintiffs did not meet the criteria for any exemption under the NYSLL.

59.     Plaintiffs and other similarly situated individuals regularly worked at least 84 hours per week, but were not paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

60.     Defendants, by the above acts, have violated §652 and 12 NYCRR §146-1.4.

61.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §663.

### AS AND FOR A THIRD CLAIM

### (Spread of Hours Pay – NYSLL)

62.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "61" as if recited at length herein.

63.     Plaintiffs and other similarly situated individuals worked between 12 and 14 hours each day, and with breaks their work day totaled 17 hours daily between the start of their first shift and the end of their last shift.

64.     Pursuant to NYSLL §652 and 12 NYCRR §146-1.6, defendants were required to pay plaintiffs and similarly situated workers an additional hour's pay at the minimum rate of wage for all days in which the spread of hours in the workday exceeded ten hours.

65.     Defendants failed to pay plaintiffs and similarly situated workers an additional hour's pay at the minimum rate of wage for all days in which the spread of hours in the workday exceeded ten hours.

11

66.     By failing to pay plaintiffs and similarly situated workers spread of hours pay, defendants have violated NYSLL §652 and 12 NYCRR §146-1.6.

67.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §663.

## AS AND FOR A FOURTH CLAIM

### (Unlawful Retention of Gratuities – NYSLL)

68.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "67" as if recited at length herein.

69.     Plaintiffs and other similarly situated individuals, although classified by defendants as independent contractors, were actually "employees" within the meaning of Section 190(2) of the NYSLL.

70.     Pursuant to NYSLL §196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

71.     Defendants violated NYSLL §196-d by retaining all portions of the gratuities paid by customers to defendants for the benefit of plaintiffs and other similarly situated individuals.

72.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A FIFTH CLAIM

### (Failure to Pay Wages When Due – NYSLL)

73.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "72" as if recited at length herein.

12

74.     Plaintiffs and other similarly situated workers were "manual workers" within the definition of NYSLL §190(4).

75.     Pursuant to NYSLL §191(1)(a), defendants were obligated to pay plaintiffs and other similarly situated individuals their earned wages no less than weekly.

76.     Defendants' failure to pay plaintiffs and all similarly situated individuals all overtime wages owed, failure to pay an additional hour's pay at the minimum rate of wage for all days where the spread of hours exceeded ten hours, and retention of plaintiffs' gratuities each amount to a failure to pay wages when due.

77.     By failing to pay all earned wages when due, defendants have violated NYSLL §191.

78.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A SIXTH CLAIM

### (Unlawful Deductions – NYSLL)

79.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "78" as if recited at length herein.

80.     Pursuant to NYSLL §193, defendants were prohibited from deducting any amounts of wages from the paychecks of plaintiffs and similarly situated workers.

81.     Defendants' failure to pay plaintiffs and all similarly situated individuals all overtime wages owed, failure to pay an additional hour's pay at the minimum rate of wage for all days where the spread of hours exceeded ten hours, retention of gratuities, and deduction of room and board in excess of the allowances permitted by the New York State Department of

13

Labor, each amount to an unlawful deduction from the wages of plaintiffs and similarly situated workers.

82.     By unlawfully deducting the wages of plaintiffs and similarly situated workers, defendants have violated NYSLL §193.

83.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A SEVENTH CLAIM

### (Notice and Recordkeeping Requirements – NYSLL)

84.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "83" as if recited at length herein.

85.     Pursuant to NYSLL §195, upon hiring, defendants were required to furnish plaintiffs with a notice containing the rate or rates of pay and the basis thereof, whether paid by hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section 191 of the NYSLL; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and such other information as the commissioner deems material and necessary.

86.     Defendants failed to provide plaintiffs and other similarly situated individuals with any such notice upon their hire, or at any time during their employment.

87.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

14

## AS AND FOR AN EIGHTH CLAIM

### (Failure to Provide Accurate Wage Statements – NYSLL)

88.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "87" as if recited at length herein.

89.     Pursuant to NYSLL §195, defendants were required to provide plaintiffs and all similarly situated individuals with accurate wage statements setting forth, the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

90.     Defendants did not provide accurate wage statements to plaintiffs and all similarly situated individuals for all weeks worked.

91.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A NINTH CLAIM

### (Breach of Contract)

92.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "91" as if recited at length herein.

93.     Defendants represented to customers that the rates they paid for their Passover vacations included gratuities that would be paid to plaintiffs and other workers.

94.     Customers paid the rates charged by defendants with the understanding that they included gratuities to be paid by workers.

15

95.     Plaintiffs and similarly situated workers were intended beneficiaries of the agreement between defendants and their customers with respect to the payment of gratuities charged by defendants to the customers.

96.     Defendants, by retaining the gratuities intended for plaintiffs and similarly situated workers, breached their contract requiring them to pay such gratuities to plaintiffs and all similarly situated individuals.

### AS AND FOR A TENTH CLAIM

#### (Conversion)

97.     Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "96" as if recited at length herein.

98.     The gratuities retained by defendants were the property of plaintiffs and other similarly situated workers.

99.     Defendants, by retaining the gratuities that were the property of the plaintiffs and other similarly situated workers, unlawfully converted plaintiffs' property.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

b.     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. §255(a);

c.     certifying this action as a collective action under the FLSA and as a class action under Rule 23 of the Federal Rules of Civil Procedure;

16

      d.     awarding plaintiffs and all similarly situated employees all unpaid wages as a result of the defendants' violations of the overtime provisions of the FLSA and the NYSLL;

      e.     awarding plaintiffs and all similarly situated employees liquidated damages as provided for in 29 U.S.C. §216(b);

      f.     awarding plaintiffs and all similarly situated employees additional liquidated damages as provided for in NYSLL §663;

      g.     awarding plaintiffs and all similarly situated employees an additional hour's pay at the minimum rate of wage for all days in which the spread of hours in a workday exceeded ten hours;

      h.     awarding plaintiffs and all similarly situated employees all gratuities that have been retained by defendants;

      i.     awarding plaintiffs and all similarly situated employees all untimely paid wages;

      j.     awarding plaintiffs and all similarly situated employees all wages that were deducted from their paychecks;

      k.     awarding plaintiffs and all similarly situated employees liquidated damages as provided for in NYSLL §198;

      l.     awarding plaintiffs and all similarly situated employees $50 per week for each week defendants failed to provide appropriate notification pursuant to NYSLL §195, to a maximum of $2,500.00 per employee;

      m.     awarding plaintiffs and all similarly situated employees $100 per week for each week defendants furnished incorrect wage statements pursuant to NYSLL §195, to a maximum of $2,500.00 per employee;

n.    awarding plaintiffs and all similarly situated employees damages for all compensation defendants have failed to pay pursuant to their contracts with plaintiffs;

o.    awarding plaintiffs compensatory and punitive damages for defendants' tortious conduct;

p.    awarding plaintiffs and all similarly situated employees the costs of this action together with reasonable attorneys fees, as provided in 29 U.S.C. §216(b), and NYSLL §§198 and 663;

q.    awarding plaintiffs statutory interest at the rate of 9% per annum pursuant to N.Y. C.P.L.R. §5001; and

r.    granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       March 25, 2015

                                   Respectfully submitted,
                                   GILES LAW FIRM LLC
                                   Attorneys for Plaintiffs

                              By: _____
                                   Joshua Parkhurst
                                   825 Third Avenue, 4th Floor
                                   New York, NY 10022
                                   (201) 577-2644
                                   jparkhurst@gileslawfirmllc.com

## JURY DEMAND

Plaintiffs hereby demand, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury in the above captioned action.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOSE CAMACHO, PEDRO CONTRERAS,                    :
JOSEPH RUSSO, JR., DANNY VICTORIA                 :
on behalf of themselves and all others similarly   :
situated,                                          :
                                                   :
                      Plaintiffs,                  :
                                                   :
                   -against-                       :        **CONSENT TO SUE**
                                                   :
BTC EVENTS, INC., LEISURE TIME TOURS OF :
NEW YORK CORP., MARY MARSICO,                     :
DANIEL J. FRUCHER, ROBERT FRUCHAR, and :
JOHN AND JANE DOES 1-100,                          :
                                                   :
                      Defendants.                  :
                                                   :
--------------------------------------------------------------X

     I consent to join the lawsuit captioned Camacho et al. v. BTC Events Inc., et al. in the

United States District Court for the Southern District of New York. I authorize the class

representative to make decisions on my behalf concerning the litigation, the method and manner

of conducting the litigation, including any settlement, and to be represented by counsel for the

class representative in this lawsuit. I agree to be bound by the terms of the Retainer Agreement

signed by the class representative in this case.

_____          _____3/20/15_____
Signature                          Date

_____
Print your name

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| JOSE CAMACHO, PEDRO CONTRERAS, : | |
| JOSEPH RUSSO, JR., DANNY VICTORIA : | |
| on behalf of themselves and all others similarly : | |
| situated, : | |
| : | |
|           Plaintiffs, : | |

-against-                              :          **CONSENT TO SUE**

                                               :

BTC EVENTS, INC., LEISURE TIME TOURS OF :
NEW YORK CORP., MARY MARSICO,          :
DANIEL J. FRUCHER, ROBERT FRUCHAR, and :
JOHN AND JANE DOES 1-100,              :

                                               :

          Defendants.          :

                                               :
------------------------------------------------------------X

I consent to join the lawsuit captioned Camacho et al. v. BTC Events Inc., et al. in the

United States District Court for the Southern District of New York. I authorize the class

representative to make decisions on my behalf concerning the litigation, the method and manner

of conducting the litigation, including any settlement, and to be represented by counsel for the

class representative in this lawsuit. I agree to be bound by the terms of the Retainer Agreement

signed by the class representative in this case.

_____          3 - 20 - 15
Signature                                  _____
                                           Date

_____
Print your name

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSE CAMACHO, PEDRO CONTRERAS,      :
JOSEPH RUSSO, JR., DANNY VICTORIA      :
on behalf of themselves and all others similarly   :
situated,                                    :
                                            :
             Plaintiffs,                :
                                            :
             -against-              :     **CONSENT TO SUE**
                                            :
BTC EVENTS, INC., LEISURE TIME TOURS OF :
NEW YORK CORP., MARY MARSICO,        :
DANIEL J. FRUCHER, ROBERT FRUCHAR, and :
JOHN AND JANE DOES 1-100,          :
                                            :
             Defendants.             :
                                            :
-----------------------------------------------------------------X

I consent to join the lawsuit captioned Camacho et al. v. BTC Events Inc., et al. in the

United States District Court for the Southern District of New York. I authorize the class

representative to make decisions on my behalf concerning the litigation, the method and manner

of conducting the litigation, including any settlement, and to be represented by counsel for the

class representative in this lawsuit. I agree to be bound by the terms of the Retainer Agreement

signed by the class representative in this case.

_____                               _____
Signature                                                     Date

_____
Print your name

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSE CAMACHO, PEDRO CONTRERAS,                 :
JOSEPH RUSSO, JR., DANNY VICTORIA              :
on behalf of themselves and all others similarly   :
situated,                                       :
                                                :
                    Plaintiffs,                 :
                                                :
              -against-                          :      **CONSENT TO SUE**
                                                :
BTC EVENTS, INC., LEISURE TIME TOURS OF :
NEW YORK CORP., MARY MARSICO,                  :
DANIEL J. FRUCHER, ROBERT FRUCHAR, and :
JOHN AND JANE DOES 1-100,                       :
                                                :
                    Defendants.                 :
                                                :
-------------------------------------------------------------X

I consent to join the lawsuit captioned Camacho et al. v. BTC Events Inc., et al. in the

United States District Court for the Southern District of New York. I authorize the class

representative to make decisions on my behalf concerning the litigation, the method and manner

of conducting the litigation, including any settlement, and to be represented by counsel for the

class representative in this lawsuit. I agree to be bound by the terms of the Retainer Agreement

signed by the class representative in this case.

_____          3/20/15
Signature                                 Date

Danny Victoria
Print your name